The opinion is as follows:
Wardlaw, J.
It is the familiar course of the Courts of Appeal in this State to exercise more latitude of discretion as to the verdicts of juries concerning the execution of wills, than as to any other issue of fact, except perhaps as to questions of location. In these cases, important principles of law usually underlie the facts; and the jus disponendi is so sacred a right, that a single finding against the exercise of it in a particular case may be freely canvassed without disparaging the just powers of the sworn triers.
The Ordinary decreed that William Watkins had executed duly a last will, and on appeal to the Common Pleas the *67 jury has found against the execution of the' will. The principal question is, whether or not the will was attested by three subscribing witnesses, who were produced on the trial to make probate of it in due form of law. The will is not now in existence, but it is reasonably proved that it was executed in the presence of three witnesses, who subscribed their names in attestation of it in the presence of the testator. The Ordinary drew the will and supervised the execution of it in his office, and was fully cognizant of the necessity of three subscribing and attesting witnesses, and he testified that three persons did attest the execution, of whom he remembered that Wertz and Spearman were two, but he could not specify the third, although he remembered that testator in reply to a question of Higgins said, "Yes, this is my will.” Spearman swore that Wertz and himself attested the will, but he did not remember any third witness. Weitz testified that Spearman and himself attested the will with some third witness, but he could not recollect whether the Ordinary or Higgins or Houseal was the third witness. It was admitted that Higgins and Houseal would swear that neither recollected any thing of the transaction; and this is equivalent in all respects to their being present at the trial and giving such testimony. The Act of 1839, 11 Stat. 41, requires that in probate of wills in due form of law, all the subscribing witnesses, where not absent from the State, dead or insane, shall be produced; but this requirement is fulfilled when all the five persons present are produced and sworn. It' is immaterial that some of-them may remember nothing of the transaction, (Filson vs. Filson, 3 Strob. 153,) although it is material, as the Circuit Judge remarks justly, to know who were the subscribing witnesses, that their competency may be judged of properly, but when all the five present at the execution are produced, and found competent, it is not very important which three of the five attested. We agree with the presiding Judge that the evidence here was not so decisive *68 as to require Mm to rule as a point of law, or absolutely instruct tbe jury, that tbe proof of execution was sufficient; but still we tbink it was so strong that an opposite verdict might have been justified, and that the appellants are entitled to another showing before the country.
The second issue of fact, as to the revocation of the will, did not distinctly arise, or at least may have been slurred by the jury, if they found the former issue as to proof of execution in favor of the appellants from the Ordinary. By the Act of 1789, 5 Stat. 107, no devise is revocable except by another will or writing, attested by three witnesses, declaring the revocation, or by the destruction or obliteration of the will by the testator himself or by some other person in his presence and by his direction and consent. Tire doctrine of Durant vs. Ashmore, 2 Rich. 184, is approved, that notwithstanding proof of execution of a will by a testator, if no will be found at his death, the usual presumption is that he revoked it himself or procured some person to destroy or obliterate it in his presence; but this presumption is rebutted if the existence of the will after the death of testator, or a previous destruction or obliteration of it outside of his presence, be proved. In the present case there is no positive proof that the will was destroyed in the presence of the testator, and there is evidence raising a strong probability that it was destroyed by his wife when he was absent.
We refrain from expressing any decisive conclusion of ours as to the facts, and we desire the case to go back with the least practical prejudice to either party; but we conclude that a new trial is justly demanded.
And it is ordered accordingly.
Johnstone, J., concurred.
O’Neall, C. J., dissented.

Motion granted.